IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VANESSA HINES, et al.,

    Plaintiffs,

    v.

HOBBY LOBBY STORES, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-3790-TWT

**OPINION & ORDER**

This is a personal injury action. It is before the Court on the Defendant Hobby Lobby Stores, Inc.'s Motion for Partial Summary Judgment [Doc. 57], which is unopposed. For the following reasons, the Defendant's Motion is GRANTED in part and DENIED in part.

I. Background[1]

This case arises out of an incident that took place while Plaintiff Vanessa Hines[2] was shopping at a Hobby Lobby store in Snellville, Georgia in December 2021. (Def.'s Statement of Undisputed Material Facts ¶ 1). Once inside a store aisle, the Plaintiff got on her hands and knees to look for ribbon

---

[1] The operative facts on the Motion for Partial Summary Judgment are taken from the Defendant's Statement of Undisputed Material Facts. Because the Plaintiff did not oppose the Motion, the Court will deem the Defendant's factual assertions, where supported by evidentiary citations, admitted under Local Rule 56.1(B).

[2] References to "the Plaintiff" throughout this Order refer to Plaintiff Vanessa Hines, as the Defendant's Motion is directed solely at her direct negligence claim.

on the bottom shelf while employees worked to consolidate merchandise in that aisle. (*Id.* ¶¶ 3-4). To accommodate larger incoming merchandise, the employees had to remove the shelving and replace it at differing heights. (*Id.* ¶ 6). One shelf, after being removed, was leaned upright against the merchandise wall being consolidated. (*Id.* ¶ 7). As the Plaintiff prepared to stand up from her hands and knees, for unknown reasons, the shelf fell and struck the Plaintiff on the head. (*Id.* ¶¶ 10-11). Notably, the shelf did not strike the Plaintiff on the back. (*Id.* ¶ 12). After the shelf struck her, the Plaintiff went forward onto her stomach and side before sitting up and leaning against the merchandise wall. (*Id.* ¶ 13). An ambulance was called, and the Plaintiff was transported to the hospital, where she told her providers that she was struck in the head and had pain in her shoulder and neck. (*Id.* ¶ 17). The Plaintiff denied any other complaints aside from neck and shoulder pain, and was discharged with the diagnoses of closed head injury, head contusion, and shoulder pain. (*Id.* ¶¶ 18-19).

Three weeks after the Hobby Lobby incident, the Plaintiff presented to her treating physician with complaints of sciatica in her right lower back that radiated down to her right ankle. (*Id.* ¶ 21). Prior to the present incident, the Plaintiff was involved in several incidents that resulted in complaints of lower back pain radiating down her right leg. (*Id.* ¶¶ 23-25). The Plaintiff was referred to chronic pain management for this right-sided lower back pain in

2

April 2021, around eight months prior to the Hobby Lobby incident. (*Id.* ¶¶ 25-28). When the Plaintiff received treatment after the Hobby Lobby incident, she told another treating physician that she was experiencing back pain that had been ongoing since an April 2021 car accident. (*Id.* ¶ 29). In February 2023, the Plaintiff was involved in another car accident that further injured her back and, ultimately, the Plaintiff underwent back surgery in May 2023. (*Id.* ¶¶ 30-31). The Plaintiff's treating physician testified in his deposition that the structural changes in the Plaintiff's spine necessitating surgery had been present since 2018. (*Id.* ¶ 33). Additionally, the Defendant's expert Dr. Stevenson opined that the Hobby Lobby incident did not cause the injuries the Plaintiff claims stemmed from the incident and that her May 2023 lumbar surgery was related to the car accidents she endured in 2021 and 2023. (*Id.* ¶¶ 36, 39.

The Plaintiff and her husband, Plaintiff David Hines, filed this action in Gwinnett County State Court on July 24, 2023, asserting two claims: negligence and loss of consortium. (Compl. ¶¶ 10-19). The Defendant removed the action to this Court on August 24, 2023. The Defendant has moved for partial summary judgment as to the portion of the Plaintiff's negligence claim alleging injuries to her lower back and lumbar spine and asserting that the Defendant failed to keep the premises in repair. (Def.'s Mot. for Summ. J., [Doc. 57-1], at 8-17). The Plaintiff did not oppose or otherwise respond to the Motion.

## II. Legal Standards

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

Despite the Defendant's lack of opposition, the Court "cannot base the entry of summary judgment on the mere fact that the motion [i]s unopposed, but, rather, must consider the merits of the motion." *United States v. 5800 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits, the Court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.*

### III. Discussion

#### A. Jurisdictional Inquiry

On September 19, 2025, the Court issued a sua sponte order directing the Defendant to remedy pleading errors in its Notice of Removal that led the Court to question its diversity jurisdiction over this matter. [Doc. 63]. The Defendants complied and filed an affidavit on October 3, 2025. [Doc. 68]. In the affidavit, Defense counsel relies on the Plaintiffs' deposition testimony to aver that both Plaintiffs have resided in Georgia for several years and did so at the time of the incident, are members of a local church, and that Plaintiff David Hines has a part-time job at a local hospital. [Doc. 68 ¶¶ 3-7]. These facts are sufficient to demonstrate residency and intent to remain in Georgia for citizenship purposes. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (holding that citizenship is equivalent to domicile, and that domicile requires both "residence in a state and an intention to remain there indefinitely."). Because the Defendant is a citizen of Oklahoma for diversity purposes, the Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a), (c)(1) because there is complete diversity among the parties and the amount in controversy exceeds $75,000. (*See* Notice of Removal ¶¶ 5, 8).

#### B. Motion for Partial Summary Judgment

The Defendant argues that the Plaintiff has failed to establish that the Hobby Lobby incident proximately caused any injury to her lumbar spine

because she has not provided any expert testimony in support of her position and the evidence demonstrates that her lumbar injuries were pre-existing. (Defs.' Mot. for Partial Summ. J., at 8-16). The Defendant also argues that the Plaintiff's failure to repair allegation fails as a matter of law because it was not under a duty to repair. (*Id.* at 16-17).

The elements of a negligence claim in Georgia are "the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages." *Stadterman v. Southwood Realty Co.*, 361 Ga. App. 613, 615 (2021) (citation modified). The Plaintiff carries the burden of proof as to causation, and

> must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.

*Shadburn v. Whitlow*, 243 Ga. App. 555, 556 (2000).

The Court agrees with the Defendant that there is no genuine dispute that the Plaintiff has failed to establish the causation element of her negligence claim as to her allegations of a "back" injury. (*See* Compl. ¶ 12). The Plaintiff testified that the shelf fell and struck her in the head. (Vanessa Hines Dep., [Doc. 58], at 17:1-9); (Def.'s Statement of Undisputed Material Facts ¶ 10). When the Plaintiff was treated immediately after the incident, she did not

6

complain of back pain or injury. (Def.'s Statement of Undisputed Material Facts ¶¶ 18-19). The Plaintiff had been suffering from right-sided back pain prior to the Hobby Lobby incident that she later complained of. (*Id.* ¶¶ 23-31). The Plaintiff herself told a treating physician that she had been experiencing right-sided back pain since April 2021, months before the Hobby Lobby incident, and another treating physician testified that the structural issues leading the Plaintiff to need back surgery had existed since 2018. (*Id.* ¶¶ 29, 33). This evidence against the Plaintiff, coupled with the Plaintiff's lack of opposition, leads to the conclusion that the Plaintiff has failed to carry her burden as to the causation element for her back injury allegation. *Stadterman*, 361 Ga. App. at 615. Stated another way, the evidence before the Court does not "afford[] a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the [Plaintiff's back injury]." *Shadburn*, 243 Ga. App. at 556. The Court will thus grant the Defendant's Motion as to the Plaintiff's allegations of back injury.

The Defendant's second argument—that it was not under a duty to repair—misconstrues this allegation of the Plaintiff's negligence count. The Plaintiff does not allege that the Defendant "failed to repair" the shelf or merchandise wall, but instead alleges that the Defendant "failed to keep its premises in repair." Coupled with the allegations that follow—that the Defendant failed to maintain the premises in a safe condition and failed to

ensure the safety of its invitees—the Court takes the Plaintiff's allegation to mean a failure to keep the premises "in good repair" or, in other words, to keep the premises in good or safe condition. This conclusion is buttressed by Georgia case law describing the duty owed by retail business owners to invitees as being a duty of ordinary care to keep the premises safe. *See, e.g.*, *Robinson v. Kroger Co.*, 268 Ga. 735, 741 (1997). On the other hand, the cases relied on by the Defendant are landlord-tenant cases, which are factually distinguishable here. The Defendant did not raise any argument as to a business owner's duty of care to an invitee with regard to the condition of the premises, so the Court will deny the Motion as to the "failure to keep [the] premises in repair" allegation of the Plaintiff's negligence claim. *See 5800 74th Ave.*, 363 F.3d at 1101 (providing that the Court cannot base the entry of summary judgment on the mere fact that the motion [i]s unopposed, but, rather, must consider the merits of the motion.").

## IV. Conclusion

For the foregoing reasons, the Defendant Hobby Lobby Stores, Inc.'s Motion for Partial Summary Judgment [Doc. 57] is GRANTED in part and DENIED in part.

SO ORDERED, this    14th    day of October, 2025.

THOMAS W. THRASH, JR.
United States District Judge